IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMSTRONG TELECOMMUNICATIONS, INC., <br><br> Plaintiff, <br> v. <br><br> CHR SOLUTIONS, INC. <br><br> Defendant/Third Party Plaintiff, <br><br> v. <br><br> VANTAGE POINT SOLUTIONS, INC. and VIRGINIA GARDEA <br><br> Third Party Defendants. | Civil No. 18-787 |

## MEMORANDUM OPINION and ORDER

Plaintiff Armstrong Telecommunications, Inc. filed a Complaint on June 15, 2018, against Defendant CHR Solutions, Inc. ("CHR") alleging various claims arising out of a contract between the parties. ECF No. 1. CHR filed an Answer and Counterclaim, and asserted Third Party Claims against Third Party Defendants, Virginia Gardea and Vantage Point Solutions, Inc. ("Vantage Point"). ECF No. 26. On December 20, 2018, the Court granted the Third-Party Defendants' Motion to Dismiss the Third-Party Claims, without prejudice to file amended third-party claims. ECF No. 65. CHR filed Amended Third-Party Claims against Ms. Gardea and Vantage on January 25, 2019. ECF No. 69. Presently before the Court is the Third-Party Defendants' Motion to Dismiss CHR's Amended Third-Party Claims for Failure to State a Claim. ECF No. 70. Oral argument on the motion was held on April 18, 2019. For the reasons that follow, the Third-Party's motion to dismiss is granted, without prejudice, and CHR will be permitted to file amended third-party claims.

Armstrong and CHR entered into a Master Services Agreement, dated May 30, 2017, by which CHR agreed to provide certain specialized engineering services in furtherance of Armstrong's contract to provide broadband services to rural markets in New York. ECF No. 1 at ¶¶ 10-11, 18. Armstrong alleges that due to CHR's mistakes, deficiencies, and delays in its performance of the Master Services Agreement, Armstrong placed CHR on notice of its intent to terminate CHR in January of 2018. Id. ¶ 66. Armstrong alleges that CHR failed to cure its deficiencies and therefore Armstrong hired Vantage Point to audit, correct, and complete the services that CHR had originally contracted to perform. Id. ¶¶ 67-68.

CHR alleges that Virginia Gardea, who was an employee of CHR until September, 2017, conspired with Armstrong in order to interfere with CHR's contractual relationship with Armstrong. CHR First Amended Third-Party Claims, ECF No. 69, at ¶¶ 28, 59, 70. The goal of such interference was for Vantage Point, Ms. Gardea's new employer, to acquire a contract with Armstrong to perform the completion of the scope of work as under the CHR-Armstrong contract. Id. ¶¶ 74-75. CHR alleges that Ms. Gardea breached her confidentiality agreement in order to facilitate the interference for hers and Vantage Points' benefit. Id. ¶¶ 68-70. Accordingly, CHR sets forth claims against Ms. Gardea and Vantage Point for Tortious Interference with CHR's Contract with Armstrong, and for Civil Conspiracy. Id. ¶¶ 62-66, 72-77. CHR also alleges a breach of contract claim against Ms. Gardea. Id. ¶¶ 57-61. And, as against Vantage Point, CHR alleges a claim of Tortious Interference with CHR's agreement with Ms. Gardea, and a claim for Commercial, Trade, or Business Disparagement. Id. ¶¶ 67-71, 78-81. Finally, CHR seeks attorneys' fees as to all claims.

Ms. Gardea and Vantage Point move to dismiss all claims for failure to state a claim upon which relief can be granted. At oral argument, CHR conceded that its claims for attorneys' fees should be dismissed. As regards the remaining claims, the Third-Party Defendants argue that all should be dismissed because the Amended Third-Party Claims lack factual support. Specifically, counsel for the Third-Party Defendants argue that the only factual allegations to establish their claims conveys that, in early February, 2018, a CHR employee saw Ms. Gardea at an industry event talking to Shawn Beqaj, Armstrong's Vice President. CHR also pleads that, on February 23, 2018, Mr. Beqaj notified CHR that Armstrong was engaging Vantage Point to audit CHR's work. CHR further alleges that, on February 26, 2018, Mr. Beqaj then forwarded an email exchange between Mr. Beqaj and another CHR employee to Ms. Gardea, using her former CHR email account. CHR alleges that the email exchange discussed the project at issue. Finally, CHR alleges that, on February 27, 2018, Armstrong requested CHR to turn over to Vantage Point CHR's design data, and then, on April 4, 2018, Armstrong terminated the CHR contract. Id. ¶¶ 37, 41, 45.

At oral argument, counsel for CHR argued that the timing of these alleged facts, raises the inference that something suspicious was occurring between Armstrong and Ms. Gardea and Vantage Point, to circumstantially support its claims against both Third-Party Defendants. The Third-Party Defendants counter and argue that these allegations are vague and non-specific to satisfy the elements necessary for the claims asserted against them in CHR's Amended Third-Party Claims. The Court agrees with the Third-Party Defendants. CHR has not sufficiently plead facts to establish its claims against said Third-Party Defendants. The Court will permit CHR a final opportunity to again amend its Third-Party Claims to plead factual allegations

sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Accordingly, the Third-Party Defendants' Motion to Dismiss CHR's Amended Third-Party Claims for Failure to State a Claim (ECF No. 70) is GRANTED, without prejudice. CHR is granted leave to file Second Amended Third-Party Claims no later than May 24, 2019.

IT IS FURTHER ORDERED that the Motion to Dismiss CHR's claim for attorneys' fees is GRANTED, and said claim is hereby dismissed, with prejudice.

**IT IS SO ORDERED:**

Dated: April 24, 2019

Marilyn J. Horan
United States District Judge