IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMSTRONG TELECOMMUNICATIONS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 18-787<br>) |
| CHR SOLUTIONS, INC. | )<br>) |
| Defendant/Third Party Plaintiff, | )<br>) |
| v. | )<br>) |
| VANTAGE POINT SOLUTIONS, INC. and VIRGINIA GARDEA | )<br>)<br>) |
| Third Party Defendants. | ) |

**OPINION and ORDER**

In this commercial dispute, Plaintiff Armstrong Telecommunications, Inc. (Armstrong) and Defendant CHR Solutions, Inc. (CHR) entered into a Master Services Agreement ("MSA"), dated May 30, 2017, by which CHR agreed to provide certain specialized engineering services in furtherance of Armstrong's contract to provide broadband services to rural markets in New York. Armstrong alleges that CHR breached the MSA. CHR, in turn, counterclaims that Armstrong breached the contract and alleges that any perceived problems with CHR's performance of the contract was due to Armstrong's own conduct. In addition, CHR alleges that its former employee, Third-Party Defendant Virginia Gardea, unlawfully conspired with Third-Party Defendant Vantage Point Solutions, Inc. and Armstrong, in a scheme to usurp CHR's contract from Armstrong.

The Complaint was filed on June 15, 2018. CHR Answered the Complaint, filed Counterclaims against Armstrong, and filed Third-Party Claims against Gardea and Vantage Point. Thereafter, the Court resolved three motions to dismiss filed by the Third-Party Defendants. The initial case management conference was held on December 20, 2018. Fact discovery was set to be completed by June 21, 2019. Several discovery disputes occurred during the course of discovery, which extended the time for completing fact discovery. In March 2020, the initial effect of the COVID-19 pandemic on Court operations occurred. The pandemic created obstacles for the parties in scheduling and completing depositions that also extended discovery. Ultimately, fact discovery was completed on June 1, 2020. By the time of the June 20, 2020 Post Discovery Status Conference, the Court explained to counsel the then-known difficulties with conducting a jury trial in light of the COVID-19 pandemic and informed counsel that a trial could not be scheduled anytime soon. June 20, 2020 Text Minute Entry (entered without an ECF Number). At the time of said conference, the Chief Judge of this Court had issued a third Administrative Order continuing all civil and criminal jury selections and jury trials until September 8, 2020. The Court notes that CHR filed a Notice on February 20, 2020 stating that it was committed to having the dispute resolved through a trial by jury. ECF No. 118. In response, the Court directed that, in light of the administrative delay for scheduling a jury trial, the parties should confer with their clients about the possibility of an alternate form of resolution. The parties submitted a Joint Report on July 22, 2020, stating that they do not agree on a form of alternate resolution of this case, meaning that the present course of this action, after resolution of summary judgment motions, is to proceed to a jury trial.

Presently before the Court is Armstrong's Motion to Deposit Funds Pursuant to Fed. R. Civ. P. 67 and Brief in Support. ECF Nos. 144 & 145. Armstrong requests leave to make a deposit of $2,250,000 under Rule 67 to halt the accrual of interest and as permitted under New York Practice Rule 3219. Armstrong's Motion is premised, in part, on the pandemic-related suspension of jury trials and its allegation that CHR's insistence on its right to a jury trial results in a potential windfall to CHR in light of the present COVID-19 circumstances. CHR has filed a Response and Brief in Opposition to the Motion. ECF Nos. 146 & 147. Armstrong has also filed a Reply Brief. ECF No. 161. CHR's assertion of its right to a trial by jury cannot be viewed in any manner as a delay tactic, and the Court does not rely on such an assertion in its discussion or resolution of Armstrong's Motion. CHR also contends that Armstrong's funds to be deposited are not "in dispute" as contemplated by Rule 67, in that ownership of the funds is not at issue. CHR objects to the Motion, explaining that, this is a contractual dispute and case law favors a denial of motions to deposit funds in such cases.

"The issue of whether to allow a Rule 67 deposit lies within the discretion of the Court." Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP, 680 F. Supp. 2d 639, 641 (D. Del. 2010) (citing Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp., 901 F.2d 441, 445 (5th Cir.1990) and Browning Ferris, Inc. v. Montgomery County, Civ. A. No. 90–3258, 1990 WL 131937, at *2 (E.D. Pa. Sept. 4, 1990)). For the following reasons, the Court, pursuant to Rule 67, and cognizant of New York Rule 3219, and the Court's inherent[1] and equitable powers, will exercise its discretion in deciding Armstrong's Motion.

---

[1] "The inherent powers of federal courts are those which 'are necessary to the exercise of all others.'" Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980) (quoting United States v. Hudson, 7 Cranch 32, 34, 3 L.Ed. 259 (1812)).

To be sure, Armstrong's Motion to Deposit Funds under Rule 67, in the circumstances of this case, is atypical.  It is doubtful that such a Motion would have been filed absent the COVID-19 pandemic.  In fact, but for the COVID-19 pandemic, it is likely that dispositive motions would have been decided and this case would have already been tried and the dispute resolved.  The COVID-19 pandemic is an unprecedented superseding event that could not have been contemplated in the parties' contract.  Therefore, the overriding reason for granting relief through disposition of Armstrong's Motion is the impact of the COVID-19 pandemic on Court operations and the resulting administrative delays in jury trials.

As of October 30, 2020, all civil and criminal jury selections and jury trials have been continued to February 8, 2021, pending further order of court.  Administrative Order, Oct. 30, 2020, Misc. No. 2:20-mc-394-MRH.  Thereafter, and when conditions are such that jury trials can be scheduled, such trials will be conducted in a drastically reduced number.  Specifically, the Western District's plan is to hold no more than one jury trial at a time.   In addition, criminal jury trials will take precedence over civil jury trials.  Obviously, the entire Court had and will have a backlog of civil cases to be tried.  Given these circumstances, it is highly unlikely that a jury trial in this case will take place for a considerable period of time.

Furthermore, "[w]hile there are relatively few decisions discussing Rule 67, courts have noted that 'the rule's purpose is to relieve the depositor of responsibility for [a] fund in dispute while the parties hash out their difference with respect to it.'"  Krambeck v. Fishbone, No. CV 17-3934, 2019 WL 398936, at *8 (E.D. Pa. Jan. 30, 2019) (quoting Cajun Elec. Power Co-op., Inc., 901 F.2d 441, 444-445 (5th Cir. 1990)).  In Krambeck, the Court recognized, as CHR states, that "courts have cautioned against applying Rule 67 in a way that would alter the contractual rights that the parties bargained for, including by depriving a party of its cause of action for

4

breach of contract." Krambeck, 2019 WL 398936, at *8 (citing Progressive Cas. Ins., 680 F. Supp. 2d at 640-42). Nonetheless, the Krambeck Court granted plaintiff's motion to deposit funds, over defendant's objection, "with the explicit caveat that [the] granting [of] the motion would 'in no way impact[ ] the merits of any claims that have been brought, or will be brought, in this action, nor prevent[ ] any party from asserting any claims or seeking any relief.'" Krambeck, 2019 WL 398936, at *8 (quoting the Court's 10/27/17 Order).[2] In the present case, the interest issue is not related to a merits determination relative to the breach of contract claims. The interest element of the contract will only apply once the merits of the case and the amount of damages are determined. In addition, a Rule 67 deposit with this Court is in accord with the purposes of New York Rule 3219. The Practice Notes to Rule 3219 explain that such remedy is available only on contracts. N.Y. C.P.L.R. 3219 (Practice Notes).

In this case, with Armstrong's deposit of funds, Armstrong will not be able to otherwise utilize the funds. While CHR is likewise not able to access or utilize said funds, they are available and payable depending upon the resolution of the dispute. Resolution of this dispute is delayed solely due to the COVID-19 pandemic and its consequential administrative trial delays. Neither party should solely benefit or suffer from contract interest accruals where such pandemic circumstances could not have been contemplated at the time of contracting. The fairest and most equitable interim disposition for both parties is accomplished through this decision. Consequently, this Court will order the escrow deposit of Armstrong's funds, based upon Rule 67 and in light of the MSA's choice of New York law. A separate Order will be entered to

---

[2] The Krambeck Court explained that "while [plaintiff] sought and obtained leave to make the payments into this Court's registry, [defendant] is not precluded from asserting counterclaims for breach of contract or unjust enrichment based on [plaintiff's] failure to make payments." Krambeck, 2019 WL 398936, at *8.

permit a Rule 67 deposit with the Clerk of Court.  Upon Armstrong's payment of said funds to the Clerk, no additional contract interest upon said escrowed funds will accrue.

      Accordingly, it is hereby ORDERED that upon Armstrong's deposit of funds pursuant to the separately filed contemporaneous Order of Court permitting said deposit pursuant to Rule 67, any contract interest accruals upon said funds will cease as against CHR's counterclaim in this matter.

IT IS SO ORDERED:

Dated:  November 5, 2020

Marilyn J. Horan
United States District Judge